E. W. BOUNDS v. H. W. HICKERSON.

Decided June 8, 1901.

Contract—Time of Essence—Rescinding.

Where plaintiff failed to complete certain work upon a hotel within the time required by the contract, and defendant thereby lost the rent of rooms for two weeks, and the evidence showed that such loss was within the contemplation of the party, being stipulated against at the time the contract was made, it was error to instruct that defendant was required to rescind the contract at the expiration of the time fixed by it for the completion of the work, before time could be made of the essence of the contract.

Appeal from the County Court of Mitchell. Tried below before Hon. W. D. Crockett.

*M. Carter* and *E. W. Bounds,* for appellant.

*Homan & Homan,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellee for a balance due him for papering and painting the rooms of the Stockman Hotel, in Colorado, Texas. Appellant admitted the cause of action, but filed a plea in reconvention in which he claimed damages in excess of the sum sued for by appellee.

The contract under which the work was done provided that it should be commenced on the 14th day of July, 1900, and completed not later than the 28th day of July, 1900, but it was not completed until August 15, 1900. This breach of the contract was made one of the grounds of recovery in appellant's cross-action, and the evidence tended to sustain the allegations, as will be seen from the following quotation from appellant's testimony:

"A short while after I bought the property, now known as the "Stockman Hotel," in Colorado, Texas, and some time in July, 1900, the plaintiff, H. W. Hickerson, came to me in my office in Colorado and told me that he wanted to get the job of papering and canvassing and painting the rooms of the Stockman Hotel. I told him he could bid on the work, and gave him a description of the work I wanted done. I received his bid, also bids from others on the same work. When the bids were all in I saw Hickerson and told him that I was inclined to give him the job, but that I had been told that he would never finish the job of work on time, and that it was my intention and purpose to open the Stockman Hotel on the 1st day of August, 1900, and that if he could not do the work in time for me to open on that day he could not have the job, and Hickerson assured me that he would finish the job in two weeks. I told him that if he took the job and did not complete it in time for me to open up on the 1st day of August, I would lose at least calculation $5 per day, and that time was the main object with me on said job; he said he knew that, and promised me that he would do the work in less than

two weeks, but would like to have two weeks, to be sure and have plenty of time and not be crowded. * * * If the work done by Hickerson had been done by the 28th day July, I could have opened the hotel on the 1st of August. The hotel contains thirty-three bedrooms, which were reasonably worth to me 10 cents per day each; they rent now for 50 cents per day, and are rented most of the time. I was deprived of the use of them for fifteen days by reason of the plaintiff Hickerson having failed to complete the job on the 28th as agreed to in the contract; $49.50 is a reasonable charge for the thirty-three rooms for the fifteen days."

The court therefore erred to the prejudice of appellant in giving following charges: "2. You are instructed that the law required the defendant, Bounds, if the work was not completed at the time in which it was to be done by the contract, within a reasonable time, to notify plaintiff Hickerson that he, Bounds, would not proceed further under said contract, and that he, Bounds, rescinded same before time could be made essence of the contract.

"3. If, therefore, you believe from the evidence given before you that the said defendant, E. W. Bounds, has established his plea in reconvention in his answer, you will find for the defendant, Bounds, and assess his damages at such sum as you may determine from the evidence he has sustained, without considering any damages by reason of room rent.

"4. If you believe from the evidence that the defendant, Bounds, did not, within a reasonable time after the time that said work should be completed, if you believe said contract was not finished at time contracted for, notify plaintiff that he (Bounds) would not further be bound by said contract, you will not consider the time in said contract."

Since the evidence tended to show not only that the delay complained of by appellant caused him to lose the rent of the rooms for two weeks, but also that this was within the contemplation of both parties, and in effect stipulated against when the contract was made, the court was not warranted in withdrawing that issue from the jury, as was done in the third paragraph of the charge above quoted, or in requiring him to rescind the contract at the expiration of the time fixed by it for the completion of the work, as was done in the second and fourth paragraphs.

Because the court erred in giving these charges, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*